UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

                                                    :

UNITED STATES OF AMERICA

                                                    :        CONSENT PRELIMINARY ORDER

          - v. -                                  OF FORFEITURE/

                                                    :        MONEY JUDGMENT

SAUL COLÓN TAVAREZ,

                                                    :        25 Cr. 313 (VSB)

          Defendant.

                                                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

WHEREAS, on or about July 15, 2025, SAUL COLÓN TAVAREZ (the "Defendant"), was charged in a four-count Information, 25 Cr. 313 (VSB) (the "Information"), with wire fraud conspiracy in violation of 18 U.S.C. § 1349 (Count One); aggravated identity theft in violation of 18 U.S.C. § 1028A (Count Two); being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (Count Three); and interstate transportation of stolen property in violation of 18 U.S.C. § 2314 (Count Four).

WHEREAS, the Information included forfeiture allegations as to Counts One and Four of the Information, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One and Four of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses alleged in Counts One and Four of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Three of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used in the offense charged in Count Three of the Information.

WHEREAS, on or about July 15, 2025, the Defendant pled guilty to Counts One, Two, Three, and Four of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One, Three and Four of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), (i) a sum of money equal to $10,000 in United States currency, representing proceeds traceable to the commission of the offenses charged in Counts One and Four of the Information (the "Money Judgment"); and, (ii) pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28 United States Code, Section 2461(c), all right, title and interest of the defendant in the following specific property: forty-eight 9mm caliber cartridges, ten .45 caliber cartridges, six Glock pistol magazines, and one magazine sleeve, seized from 85-50 Forest Parkway, Apt. #1P, Woodside, NY 11421 on or about August 7, 2024 (the "Specific Property"), representing any and all firearms and ammunition involved in or used in the offense charged in Count Three of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $10,000 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One and Four of the Information that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Four of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

WHEREAS, the Defendant consents to the forfeiture of the Specific Property, representing any and all firearms and ammunition involved in or used in the offense charged in Count Three of the Information.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney T. Josiah Pertz, of counsel, and the Defendant and counsel, Kenneth Montgomery, Esq., that:

1.    As a result of the offenses charged in Counts One and Four of the Information, to which the Defendant pled guilty, a money judgment in the amount of $10,000 in United States currency (i.e., the Money Judgment), representing the amount of proceeds traceable to the offenses charged in Counts One and Four of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2.    As a result of the offense charged in Count Three of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant SAUL COLÓN TAVAREZ, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.    All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.     Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.     The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

11.    Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14.     The signature page of this Consent Preliminary Order of Forfeiture/Money

Judgment may be executed in one or more counterparts, each of which will be deemed an original

but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:     ___/s/_____          12/23/25_____
        T. JOSIAH PERTZ                   DATE
        Assistant United States Attorney
        26 Federal Plaza, 37th Floor
        New York, New York 10278


SAUL COLÓN TAVAREZ


By:     _kenneth J. Montgomery_____          ___12/23/25___
        Kenneth Montgomery, Esq.          DATE
        Attorney for Defendant
        396 Waverly Ave
        Brooklyn, New York 11238




SO ORDERED:

_____          _01/08/2026___
HONORABLE VERNON S. BRODERICK              DATE
UNITED STATES DISTRICT JUDGE


6